UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW R. DUPREE,<br><br>         Plaintiff,<br><br>     v.<br><br>APPLE, INC,<br><br>         Defendant. | Case No. 16-CV-00289-LHK<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br><br>Re: Dkt. No. 51 |

Plaintiff Andrew Dupree brings this action against Defendant Apple, Inc. Before the Court is Plaintiff's motion for leave to file a Fourth Amended Complaint. ECF No. 51. The Court finds this motion suitable for decision without oral argument under Civil Local Rule 7-1(b) and hereby VACATES the motion hearing set for January 19, 2017, at 1:30 p.m. The case management conference set for January 19, 2017, at 1:30 p.m. remains as scheduled. Having considered the parties' submissions, the record in this case, and the relevant law, the Court DENIES Plaintiff's motion for leave to file a Fourth Amended Complaint.

I.   **BACKGROUND**

   **A. Factual Background**

On February 15, 2011, Plaintiff began working as a retail specialist for Apple, Inc.

("Apple") at Apple's retail store at the Millenia Mall in Orlando, Florida (the "Millenia Mall store"). Second Amended Complaint, ECF No. 36 ("SAC") ¶ 5. Plaintiff, an African American, alleges that a manager at the Millenia Mall store told him that "[b]lacks don't make management in this market." *Id.* ¶ 9. "[S]hocked, embarrassed, and humiliated by this comment," Plaintiff requested and was granted a transfer to the Apple retail store in Sydney, Australia (the "Australia store"). *Id.* ¶ 10. Plaintiff began working in Australia on July 27, 2012. *Id.* ¶ 11.

On July 9, 2013, Plaintiff decided to transfer back to the Millenia Mall store, and contacted Millenia Mall store leadership. *Id.* ¶ 15. Plaintiff states that Millenia Mall store leadership indicated that they would be receptive to Plaintiff's return, and Plaintiff returned to Florida on July 28, 2013. *Id.* ¶ 20. On August 22, 2013, however, Millenia Mall store leadership contacted Plaintiff and informed him that he would not be rehired.

Upon learning this news, Plaintiff sent emails to Apple CEO Tim Cook ("Cook") and Apple Human Resources representatives Brenda Everson ("Everson") and Susan Pierre-Zilles ("Zilles"). *Id.* ¶¶ 27–28. In response to these emails, Everson informed Plaintiff on October 10, 2013 that management at Apple's retail store in Central Florida "would be contacting him regarding a possible position." *Id.* ¶ 31. On December 2, 2013, Plaintiff was hired at the Central Florida Apple retail store (the "Central Florida store"). *Id.* ¶ 33.

While working in Central Florida, Plaintiff alleges that he was discriminated against based on his race and national origin. For instance, Plaintiff states that he was disciplined for wearing a "baseball cap with a logo on store grounds," while it was "common for [other] employees to wear these types of baseball caps with no disciplinary action taken." *Id.* ¶ 35. Plaintiff also alleges that he was falsely reported as being late, that his work schedule was changed without his knowledge, and that he was threatened by his manager. *Id.*

In September 2015, Plaintiff transferred to the Apple retail store in Los Gatos, California. Third Amended Complaint, ECF No. 48 ("TAC") at ¶ 13. During his tenure in Los Gatos, Plaintiff alleges that he continues to be subject to racial discrimination both at the Los Gatos store and at an Apple store in Cupertino, California to which Plaintiff was occasionally assigned on a temporary

2
Case No. 16-CV-00289-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

basis. Plaintiff points specifically to four incidents of alleged discrimination. First, a corporate Apple employee who had asked Plaintiff to help fix her Apple device allegedly called Plaintiff "Oakland" because Plaintiff "wasn't from around here" and "must be from Oakland since he is African American." *Id* ¶ 19. Second, another Apple employee allegedly asked whether Plaintiff was "part of some kind of new diversity program" when the employee became frustrated with Plaintiff's service. *Id.* ¶ 22. Third, another Apple employee "stated [that] she wanted to work with someone more professional looking and not someone who looked like they were part of a gang." *Id.* ¶ 27. Most recently, in 2016, Plaintiff alleges that one of his coworkers threatened to "punch [Plaintiff] in the face," that another coworker yelled at Plaintiff for no reason, and that Plaintiff's schedule was changed without his knowledge or consent. *Id.* ¶ 34.

**B. Procedural History**

On July 22, 2014, Plaintiff filed a complaint against Apple which alleged discrimination on the basis of race and national origin, in violation of Title VII of the Civil Rights Act ("Title VII"). *Dupree v. Apple Inc.* ("*Dupree I*"), No. 14-CV-3294 (N.D. Cal.). The complaint was filed in the Northern District of California but focused on events occurring at the Millenia Mall store in Orlando, Florida. *Id.* at 6. Accordingly, on March 11, 2015, U.S. District Judge Edward Davila, to whom *Dupree I* was assigned, granted Apple's motion to transfer *Dupree I* to the Middle District of Florida. *Dupree I*, ECF No. 46. As Judge Davila noted, "Apple has demonstrated based primarily on Plaintiff's allegations that most if not all of the critical events giving rise to Plaintiff's claims occurred in or around [an] Orlando Apple store." *Id.* at 3.

On March 16, 2015, *Dupree I* was officially transferred into the Middle District of Florida and was assigned to U.S. District Judge Kendall Sharp. *Dupree v. Apple Inc.*, No. 15-CV-0423 (M.D. Fla.), ECF No. 47. On April 7, 2015, Judge Sharp granted Plaintiff's motion for leave to amend his complaint. *Dupree I*, ECF No. 62. Plaintiff's amended complaint added Cook, Zilles, and Everson as Defendants, and alleged causes of action based upon violations of Title VII, the California Fair Employment and Housing Act ("FEHA"), and 42 U.S.C. § 1981.

On April 24, 2015, Defendants moved to dismiss certain causes of action in Plaintiff's first

3

amended complaint. On June 30, 2015, Judge Sharp granted Defendants' motion to dismiss. *Dupree I*, ECF No. 69 ("*Dupree I* MTD"). First, Judge Sharp held that Plaintiff could not move forward with Plaintiff's FEHA claims because FEHA does not apply to conduct occurring outside of California. Next, Judge Sharp held that Plaintiff could not bring a Title VII claim against Cook, Zilles, and Everson because "individual capacity suits under Title VII are inappropriate." *Id.* at 7 (alterations omitted). Finally, Judge Sharp determined that Plaintiff had failed to state a cause of action under 42 U.S.C. § 1981 against Cook, Zilles, and Everson. *Id.* at 9. Judge Sharp also concluded that amendment would be futile and therefore granted Defendants' motion to dismiss with prejudice. Because Defendants did not move to dismiss all causes of action against all Defendants in *Dupree I*, a portion of Plaintiff's first amended complaint survived dismissal.

On September 29, 2015, Judge Sharp granted Plaintiff's motion to dismiss Plaintiff's surviving claims in *Dupree I* without prejudice, as "Plaintiff wishe[d] . . . to end litigation of this matter without incurring further expenses." *Dupree I*, ECF No. 84.

On January 19, 2016, Plaintiff filed the original complaint in the instant action. ECF No. 1 ("Compl."). The Court shall refer to all proceedings in the instant action as *Dupree II*. Plaintiff filed a motion for leave to amend on April 11, 2016, which Defendants did not oppose. ECF No. 23. Accordingly, the Court granted Plaintiff's motion to amend on the record at the April 27, 2016 initial case management conference. ECF No. 32.

On May 25, 2016, Plaintiff filed another motion for leave to amend. ECF No. 33. Defendants also did not oppose this second motion to amend. ECF No. 37. Plaintiff referred to the proposed amended complaint as the "First Amended Complaint." ECF No. 36. As the procedural history demonstrates, however, Plaintiff's May 25, 2016 motion in fact sought leave to file a third complaint in *Dupree II*. Accordingly, the Court granted Plaintiff's May 25, 2016 motion for leave to amend, but stated that it would refer to the "proposed amended complaint as the 'Second Amended Complaint' or 'SAC' in . . . all future Orders." ECF No. 38 at 2.

Defendants moved to dismiss certain causes of action from the SAC on June 29, 2016. On August 9, 2016, the Court granted the motion to dismiss. ECF No. 39. The Court held that

4

Case No. 16-CV-00289-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

Plaintiff's Title VII claims arising from his employment at the Millennia Mall, Australia, and Central Florida stores were time-barred. ECF No. 44, at 6–10. The Court dismissed Plaintiff's FEHA claims arising from his employment at the Millennia Mall, Australia, and Central Florida stores because FEHA applies only to actions in California. *Id.* at 10. The Court dismissed Plaintiff's claims under the Civil Rights Act of 1991 because that statute does not provide a private right of action. *Id.* at 10–11.

The Court dismissed Plaintiff's claim for intentional infliction of emotion distress for failure to state a claim to the extent that the claim arose from actions before January 19, 2014 or arose from Apple's internal training and discipline systems or from racially charged comments directed at Plaintiff. *Id.* at 11–18. Specifically, the Court found that Apple's internal training was personnel management activity, which under California law does not qualify as intentional infliction of emotional address. *Id.* at 13. The Court also found that Apple was not liable under the doctrine of *respondeat superior* for intentional infliction of emotional distress from racially charged comments because the employees who made those comments "substantially deviated from the scope of their employment" by requesting repairs to, and assistance with, their personal devices. *Id.* at 16.

Finally, the Court dismissed Plaintiff's claims for hostile work environment and harassment for failure to give sufficient notice of the statutes that Defendants allegedly violated. *Id.* at 18–20. The Court granted leave to amend the complaint, but stated that "Plaintiff[] may not add new causes of actions or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15."

On September 8, 2016, Attorney Barbara Lawless entered an appearance on behalf of Plaintiff. ECF No. 47. Now represented by an attorney, Plaintiff filed a Third Amended Complaint on September 8, 2016. ECF No. 48 ("TAC"). The TAC alleges eight causes of action—discrimination under Title VII, discrimination under FEHA, harassment/hostile work environment under 42 U.S.C. § 1981, retaliation under Title VII and FEHA, intentional infliction of emotional distress, hostile work environment under FEHA, violation of the Ralph Civil Rights Act, and

harassment under Title VII—all of which arise out of Plaintiff's employment at the Los Gatos and Cupertino, California stores. TAC ¶¶ 39–104. Apple answered the TAC on September 28, 2016. ECF No. 50.

On October 11, 2016, Plaintiff filed the instant motion for leave to file a Fourth Amended Complaint. ECF No. 51. Apple filed an opposition on October 25, 2016. ECF No. 57. Plaintiff filed a reply on November 1, 2016. ECF No. 61.

On January 17, 2017, Plaintiff filed a motion for substitution of attorney in which Plaintiff stated that he is no longer represented by Barbara Lawless but instead will represent himself pro se. ECF No. 69.

## II. LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Of these considerations, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). Nevertheless, a proposed amendment may be denied as futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Ordinarily, however, "courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is

6
Case No. 16-CV-00289-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

## III. DISCUSSION

Plaintiff seeks leave to file a Fourth Amended Complaint adding three new causes of action: a claim for disparate impact discrimination based on race and/or national origin, a claim for failure to prevent harassment and discrimination, and a claim for assault. Plaintiff claims that he has not previously asserted any of these causes of action because Plaintiff only recently obtained counsel, who identified the additional causes of action, and because Plaintiff needed to exhaust his administrative remedies for two of the three additional causes of action. Mot. at 3. Apple opposes the motion and argues that four of the five *Foman* factors — prejudice to the opposing party, undue delay, previous amendments, and futility of amendment — support denying leave to amend. Opp. at 2–3.[1] Because the Court finds that the factors of prejudice, undue delay, and previous amendments are sufficient to justify denying leave to amend, the Court need not address Apple's argument that leave to amend would be futile.

### A. Prejudice to the Opposing Party

The Court first considers whether granting Plaintiff leave to amend would prejudice Apple, because prejudice to the opposing party carries the "greatest weight" in the leave to amend inquiry. *Eminence Capital*, 316 F.3d at 1052. Prejudice has been found where amendment would increase "the burden of necessary future discovery," *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387-88 (9th Cir. 1990), and where "[e]xpense, delay, and wear and tear on individuals and companies" is shown, *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).

Discovery in the instant case is currently scheduled to close in less than six weeks on February 28, 2017. Allowing Plaintiff to amend his pleadings would require continuing this deadline. Extending fact discovery would in turn require continuing the close of expert discovery scheduled for April 14, 2017, the hearing on dispositive motions scheduled for June 8, 2017, the final pretrial conference scheduled for August 10, 2017, and the six day jury trial scheduled for

---

[1] Apple does not argue that Plaintiff has exhibited bad faith.

September 11, 2017.

Allowing Plaintiff to amend his pleadings to add new causes of action would also significantly expand the scope of discovery. Most particularly, addition of a disparate impact cause of action would expand discovery because a disparate impact cause of action would "focus[] on statistical analyses, [which] requires that the defendant develop entirely different defenses, including the job relatedness of the challenged business practice or its business necessity." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000). Thus, if Plaintiff were permitted to amend his pleadings to add such a cause of action, the parties would have to engage in extensive new discovery, including the development of statistical evidence.

Additionally, amendment of the complaint would prejudice Apple because it would cause further delay in what has already been lengthy litigation. Plaintiffs' claims of discrimination against Apple began on July 22, 2014 with the filing of *Dupree I* in the Northern District of California. No. 14-CV-3294 (N.D. Cal.). *Dupree I* was transferred to the Middle District of Florida. Plaintiff voluntarily dismissed *Dupree I* without prejudice. Plaintiff then filed *Dupree II* in the Northern District of California. *See Dupree I*, ECF No. 46; *Dupree II*, ECF No. 1. Thus, Apple has been litigating Plaintiff's discrimination claims for two and a half years in different courts across the country. Apple has invested significant resources in litigating the instant case and narrowing the issues by filing two motions to dismiss. Allowing amendment less than six weeks before the fact discovery cutoff and further delaying this case would thus prejudice Apple by forcing Apple to engage in further litigation that could have been avoided if Plaintiff had asserted his new causes of action earlier. The first *Foman* factor therefore supports denying Plaintiff's motion.

### B. Undue Delay

Undue delay is the next factor a court considers in deciding whether to grant leave to amend. *Foman*, 371 U.S. at 182. Courts have found that a party unduly delayed when the party sought to amend a pleading with previously-known facts, particularly when the delay is accompanied by the requisite showing of other *Foman* factors such as prejudice. *See, e.g.*, *Texaco*

8

Case No. 16-CV-00289-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

*Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991) (affirming denial of motion for leave to amend because of undue delay where, *inter alia*, moving party sought amendment "eight months after the district court granted summary judgment against it, and nearly two years after filing the initial complaint," and "after discovery was over, just four and a half months before the trial date"); *Jordan v. Los Angeles Cnty.*, 669 F.2d 1311, 1324 (9th Cir. 1982) (affirming denial of motion for leave to amend because of undue delay where the proposed amendment would have prejudiced the defendant by requiring "extensive, costly discovery in order to respond to the amended complaint"), *vacated on other grounds*, 459 U.S. 810 (1982); *Kaplan*, 49 F.3d at 1370 (affirming denial of leave to amend because of undue delay where the moving party sought amendment after discovery was completed and trial was only two months away, thereby substantially prejudicing the defendant). Furthermore, the Ninth Circuit has held that "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

  In the instant case, Plaintiff moved for leave to file a Fourth Amended Complaint approximately nine months to a year after the most recent events underlying the new causes of action. TAC ¶¶ 116, 126. Specifically, the alleged remarks underlying Plaintiff's disparate impact claim occurred on January 1, 2016, and the alleged assault occurred on January 31, 2016. TAC ¶¶ 19–34. Additionally, the facts underlying the cause of action for failure to prevent discrimination occurred in October 2015. TAC ¶ 116. Thus, Plaintiff had knowledge of the events involved in the new causes of action long before he filed the instant motion on October 11, 2016. In fact, the Court has granted leave to file an amended complaint three times since the events underlying the new causes of action. ECF Nos. 32, 38, 44. Specifically, with the Court's permission, Plaintiff amended his complaints on April 11, 2016, ECF No. 26; on May 25, 2016, ECF No. 36; and on September 8, 2016, ECF No. 48. Despite the fact that these amendments occurred after the events underlying the new causes of action, Plaintiff did not add the new causes of action in these amendments.

To explain his delay, Plaintiff states that he "was previously self-represented and did not initially plead all relevant causes of action" and that he "had to exhaust his administrative remedies for two of the three additional causes of action, which he has now done." Mot. at 3.

However, this explanation is insufficient to justify the long delay in the instant case. Indeed, Plaintiff's suggestion that he needed time to exhaust his administrative remedies is misleading. Plaintiff only sought administrative review of his claims on September 6, 2016, when Plaintiff requested an "immediate Right to Sue notice" from the California Department of Fair Employment and Housing ("DEFH"). Declaration of Barbara Lawless, ECF No. 51-1, at 43–48. The DEFH granted a Right-to-Sue Notice the same day, September 6, 2016.[2] *Id.*; *see also* Reply at 6 ("Plaintiff has . . . exhausted his administrative remedy by filing a claim of disparate impact [and failure to prevent discrimination] with the California Department of Fair Employment and Housing for which a Right to Sue notice was issued."). Thus, because Plaintiff made no attempt to exhaust his administrative remedies until September 6, 2016, it is clear that Plaintiff's delay in asserting the new causes of action had nothing to do with his need to exhaust administrative remedies.

Additionally, although Plaintiff represented himself until September 2016, Plaintiff obtained assistance from the Court's Federal Pro Se program and was able to identify many relevant causes of action throughout the numerous complaints that the Court allowed in the instant case. Plaintiff's pro se status does not justify granting yet another opportunity to amend the complaint to add causes of action that Plaintiff inadvertently omitted in his prior complaints. Indeed, Plaintiff clearly believes that he is competent to represent himself pro se because on

---

[2] Despite having obtained a Right-to-Sue notice from the DEFH, Plaintiff does not state that he has ever received a Right-to-Sue notice from the federal Equal Employment Opportunity Commission ("EEOC") regarding his new federal causes of action. *See Shek v. Stanford Univ. Med. Ctr.*, 2007 WL 2318904, at *2 (N.D. Cal. Aug. 13, 2007) ("[W]hile charges filed with the DFEH may be deemed constructively filed with the EEOC, Title VII still requires a right-to-sue notice specifically from the EEOC in order to file suit in federal court. Federal-state cooperation does not extend to exhaustion of administrative remedies."). Thus, Plaintiff does not appear to have exhausted his administrative remedies for the new federal causes of action Plaintiff seeks to add.

January 17, 2017, Plaintiff filed a notice of substitution of attorneys in which Plaintiff indicated that he is no longer represented by counsel and instead will again represent himself pro se. ECF No. 69. Thus, the factor of undue delay also weighs in favor of denying Plaintiff's motion for leave to amend the complaint.

### C. Previous Amendments

In deciding whether to grant a party leave to amend, the district court also considers "whether the plaintiff has previously amended her [or his] complaint." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see also Foman*, 371 U.S. at 182 (same). The Ninth Circuit has held that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of L.A. v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011).

Plaintiff has already amended his complaint at least four times and as many as six times. The first complaint that Plaintiff filed, in *Dupree I*, was amended once in the Middle District of Florida and then voluntarily dismissed. *Dupree I*, ECF Nos. 62, 84. Plaintiff then filed another complaint in *Dupree II*, which Plaintiff has since amended three times—on April 11, 2016; May 25, 2016; and September 8, 2016. Thus, the complaint that Plaintiff seeks to file would be the fifth complaint in *Dupree II* and the seventh complaint in this action if *Dupree I* is included. Additionally, the Court already has allowed Plaintiff to amend the complaint three times in the instant action. ECF Nos. 32 & 38. It has been almost one year since the time Plaintiff filed *Dupree II* and two and a half years since Plaintiff filed *Dupree I*. Thus, Plaintiff's previous four to six amendments weigh strongly in favor of denying Plaintiff's motion for leave to amend.

In short, Apple would be prejudiced by amendment, Plaintiff unduly delayed in asserting these new causes of action, and Plaintiff has already amended his complaint at least four and as many as six times. Therefore, the Court finds that leave to further amend the complaint is not warranted.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for leave to file a Fourth

Amended Complaint.

**IT IS SO ORDERED.**

Dated: January 18, 2017

_____
LUCY H. KOH
United States District Judge